Filed 6/24/14  Cellphone Termination Fee Cases CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **CELLPHONE TERMINATION FEE CASES.** | **A138424** |
| | |
| _____/ | **(Alameda County Super. Ct. No. RG03121510 JCCP No. 4332)** |

In *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515 (*Frog Creek*) we held that under Civil Code section 1717, there may be only one prevailing party on a given contract in a given lawsuit.  (*Id.* at p. 520.)  We therefore reversed an award of attorney fees to a party that had defeated a petition to compel arbitration filed in a pending contract action, because the opposing party was later found to have recovered the greater relief on the contract.  (*Id.* at pp. 520, 523.)  We held that a party that prevails on a petition to compel arbitration is not entitled to attorney fees under Civil Code section 1717 where that party is not *also* the prevailing party on the merits of the underlying lawsuit's contract claims.  (*Id.* at p. 520.)

This appeal requires us to apply *Frog Creek's* reasoning to a slightly different factual scenario.  In this case, appellant Sprint Spectrum, L.P. (Sprint) filed a petition to compel arbitration in an existing civil action initiated by plaintiffs/respondents.[1]

_____

[1] The respondents in this case are Ramzy Ayyad, Jeweldean Hull, Christine Morton, Angela Rel, Richard Samko, and Amand Selby.  We refer to them collectively as Plaintiffs.

1

Plaintiffs successfully opposed Sprint's petition to compel arbitration and later moved for an award of attorney fees under Civil Code section 1717 and Code of Civil Procedure section 1021.5 (section 1021.5), although the trial court had not yet fully resolved the parties' contractual claims. Unlike *Frog Creek,* here, when the trial court awarded fees, it had yet to determine who was "the party prevailing on the contract" for purposes of Civil Code section 1717.[2] Nevertheless, the court granted Plaintiffs' request for the attorney fees incurred in resisting Sprint's petition to compel arbitration on the ground that the proceedings on the petition were a separate and distinct special proceeding within the underlying action.

Sprint appeals from the trial court's order awarding attorney fees, arguing the award must be reversed as premature. Sprint contends any award of attorney fees must await the trial court's final resolution of the merits so that there can be a proper prevailing party determination under Civil Code section 1717.

*Frog Creek* makes clear the proceedings on Sprint's petition to compel arbitration were part of the underlying action and were not a distinct special proceeding. We therefore agree with Sprint that the trial court must resolve the merits of the underlying contractual claims before it may award attorney fees under Civil Code section 1717. Moreover, since the trial court expressly found an interim fee award under section 1021.5 would be inappropriate at this time, its order cannot be sustained under that statute either. Accordingly, we will reverse.

FACTUAL AND PROCEDURAL BACKGROUND

We set out the facts and procedural history of this case in some detail in our prior opinions in *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851 (*Ayyad*) and *Cellphone Termination Fee Cases* (2011) 193 Cal.App.4th 298. We refer the reader to those opinions for a full description of the facts. We limit our statement here to those matters necessary for an understanding of the issues presented by the current appeal.

---

[2] Save in circumstances not present here, under Civil Code section 1717, subdivision (b)(1), "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."

2

*A Brief History of the Litigation*

This case was initially filed in July 2003 against Sprint and other providers of cellular telephone service. The operative third consolidated amended complaint was filed as "a class action . . . by current and/or former customers of wireless telephone services." The complaint alleged that "[P]laintiffs and the members of the class are individual consumers who either are or, during the period extending from four years prior to the filing of this action to the present, were subscribers to [Sprint's] wireless telephone service agreements that include an early termination fee [ETF] provision . . . ." Based on a number of statutory and common law theories, Plaintiffs claimed Sprint charged them unlawful ETFs for cancelling their cellular customer service agreements prior to the expiration date specified in their contracts.

By order of the Judicial Council, this action and others were designated Judicial Council Coordinated Proceeding No. 4332 before a judge in Alameda County Superior Court. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at pp. 303 & fn. 4, 304.) On June 9, 2006, the trial court certified a plaintiff class consisting of: " 'All persons who (1) had a wireless telephone personal account with [Sprint] with a California area code and a California billing address[ ], who (2) cancelled the account at any time from July 23, 1999, through [March 18, 2007], and (3) were charged an early termination fee in connection with that cancellation.' "

Sprint filed an answer to the operative complaint setting forth numerous affirmative defenses, including arbitrability and setoff. It also filed a cross-complaint for breach of contract against Plaintiffs, and it requested a return of the alleged benefits conferred by Sprint in the event the court found the ETFs unenforceable.

The class claims against Sprint and Sprint's cross-claims and setoff defense were tried in May 2008. (See *Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at pp. 305, 307-308.) Plaintiffs prevailed on several statutory and common law claims. (*Id.* at p. 308.) The jury found Plaintiffs were entitled to recover damages against Sprint, but it also found Plaintiffs had breached their contracts with the carrier, thus entitling Sprint to an amount of damages exceeding those Plaintiffs had recovered. (*Id.* at p. 307.) The

3

trial court then granted Plaintiffs' motion for a new trial on Sprint's cross-claims and on the court's calculation of the setoff. (*Id.* at p. 309.)

Both Plaintiffs and Sprint then filed appeals. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 309.) On March 3, 2011, we issued our opinion in *Cellphone Termination Fee Cases,* affirming the trial court "in all respects." (*Id.* at pp. 303, 330.) In our disposition, we remanded the case to the trial court "for retrial on the issue of Sprint's damages, and the calculation of any offset to which Sprint may be entitled." (*Id.* at p. 330.)

After remand, Sprint moved to compel individual bilateral arbitration of the named Plaintiffs' claims.[3] The trial court denied the petition on November 14, 2011. Its principal ground for denial was that our opinion in *Cellphone Termination Fee Cases* had limited the issues on remand to retrial of Sprint's damages and calculation of any setoff to which Sprint might be entitled. (*Cellphone Termination Fee Cases, supra,* 193 Cal.App.4th at p. 330.) Sprint appealed from the portions of the November 14, 2011 order denying its petition to compel arbitration. On December 16, 2011, the trial court stayed all proceedings pending the outcome of that appeal.

*The Fee Award for the Proceedings on Sprint's Petition to Compel Arbitration*

Several months later, Plaintiffs filed a motion for attorney fees and costs for having successfully opposed Sprint's petition to compel arbitration in the trial court. They argued Sprint's petition to compel arbitration had commenced a "'special proceeding'" which terminated in their favor when the trial court denied the petition on November 14, 2011. After a hearing, the trial court granted Plaintiffs' request for fees and costs in a written order dated September 26, 2012.

---

[3] Sprint styled its request for arbitration as a "motion" rather than a "petition." For the sake of clarity, however, we will follow the statutory nomenclature and refer to it as a petition in this opinion. (See *Frog Creek, supra,* 206 Cal.App.4th at pp. 521-522, fn. 4, citing Code Civ. Proc., §§ 1281.2, 1292.4.)

4

In granting Plaintiffs' request, the trial court ruled on a number of questions.[4] It first determined that Plaintiffs' motion was not filed too early. It then decided Plaintiffs were entitled to fees under both Civil Code section 1717 and section 1021.5. With regard to the latter statute, the court noted Sprint's cross-claims had yet to be retried, and therefore it "expressly [did] not hold that the class has 'prevailed' on the merits of the action as a whole." It nevertheless rejected Sprint's argument that fees were unavailable under section 1021.5 because, Sprint asserted, that statute permits awards only to a "successful party" in an "action." (§ 1021.5 ["a court may award attorneys' fees to a successful party against one or more opposing parties in any *action* which has resulted in the enforcement of an important right affecting the public interest . . . ." (italics added)].) The trial court concluded section 1021.5 applies to special proceedings, and Plaintiffs had prevailed in a such a special proceeding by successfully opposing Sprint's petition to compel arbitration. Both Plaintiffs and Sprint appealed from the September 26, 2012 order.[5]

---

[4] In making these rulings, the court relied upon the reasoning of an order it had entered on July 9, 2012, awarding fees against AT&T Mobility LLC in another portion of the coordinated proceeding. That order addressed "whether a petition to compel arbitration that is filed in an ongoing lawsuit is a separate proceeding for all purposes and, if only for some purposes, for what purposes." In answering that question, the trial court chose to follow the reasoning of *Benjamin, Weill & Mazer v. Kors* (2011) 195 Cal.App.4th 40 (*Kors*), an opinion issued by Division Two of this appellate district, which the lower court construed as "hold[ing] that a petition to compel arbitration is a separate proceeding for purposes of identifying the prevailing party and awarding fees to the prevailing party." The trial court acknowledged we had reached a contrary conclusion in *Frog Creek,* but given the conflict in the decisions of the Court of Appeal, it chose to follow what it believed to be the better rule. In its view, "the statutory scheme strongly suggests that petitions to compel arbitration are analytically distinct special proceedings that are nestled within actions, but not subsumed by the actions." The trial court opined that *Kors* was more persuasive than *Frog Creek* because, in the lower court's view, *Frog Creek* improperly focused its analysis on Civil Code section 1717, a statute of general application, while failing to give adequate consideration to the specific statutory scheme regarding petitions to compel arbitration.

[5] That appeal is before this division in case No. A136818. Our decision in that case reverses the trial court's September 26, 2012 award of attorney fees to Plaintiffs.

On October 29, 2012, we filed our opinion in *Ayyad, supra,* 210 Cal.App.4th 851. We held the trial court had correctly denied Sprint's motion to compel arbitration on the ground that our disposition in *Cellphone Termination Fee Cases* limited the court's jurisdiction on remand to the issues of Sprint's damages and calculation of any setoff. (*Ayyad,* at pp. 860-864.) After Sprint unsuccessfully sought review of our decision in the California Supreme Court, we issued our remittitur.

*The Attorney Fee Award for the Appellate Proceedings in Ayyad*

Plaintiffs then moved for a supplemental award of attorney fees for the appellate proceedings in *Ayyad.* On April 2, 2013, the trial court awarded Plaintiffs an additional $244,462.50 in fees. In making the award of additional fees, the court relied on the reasoning of its July 9, 2011 and September 26, 2012 orders.

The trial court first ruled it would not stay Plaintiffs' motion for fees related to Sprint's petition to compel arbitration pending resolution of the underlying class ETF claims against Sprint. According to the court, "[t]he fees at issue are based on Plaintiffs' status as prevailing parties in the special proceeding to compel arbitration, not the action on the merits." Adhering to the reasoning expressed in its July 9, 2012 order (see note 4, *ante*), the trial court stated, "When a petition to compel arbitration is filed as a pleading in an existing action the petition commences an analytically distinct special proceeding that is nestled within the action, but not subsumed by the action." Accordingly, as the prevailing parties in that special proceeding, the Plaintiffs could "seek an award of fees related to that special proceeding without regard to whether [they] might ultimately prevail on the merits of the substantive claims."

The trial court next noted it was not dealing with "a motion for interim award of attorneys fees before the conclusion of an action." Although the court concluded such interim awards are permitted under section 1021.5, it explained it would not make such an award "at this time" based on the facts of the case. The trial court explained that while Plaintiffs had prevailed on their class claims against Sprint, Sprint's cross-claims against the class had yet to be tried, and the court had yet to determine how those amounts would

be set off.  Since the amount of Plaintiffs' monetary relief was not secure, the court declined to award interim fees under section 1021.5.

Citing its September 26, 2012 order, the court ruled Plaintiffs were entitled to fees under the contractual fee shifting provision in Sprint's customer agreements.  In addition, Plaintiffs were entitled to an award under section 1021.5 because that statute "applies equally to actions and special proceedings."

Sprint filed a notice of appeal from the April 2, 2013 order.[6]  Plaintiffs did not appeal.

DISCUSSION

Sprint raises a number of challenges to the trial court's attorney fee award, contesting Plaintiffs' current entitlement to fees as well as the amount of the fees awarded.  We conclude we need reach only Sprint's first argument—that the trial court erred in finding Plaintiffs' motion for fees was not premature.

The trial court's determination of the legal basis for an attorney fee award is a question of law we review de novo.  (*Frog Creek, supra,* 206 Cal.App.4th at p. 523.)  As we explain, Civil Code section 1717 does not permit Plaintiffs to recover attorney fees for successfully resisting Sprint's petition to compel arbitration prior to the trial court's resolution of the merits of the parties' contractual claims.  The proceedings on Sprint's petition were merely part of the underlying action and were not a distinct special proceeding.  For that same reason, the trial court's award under section 1021.5 cannot be sustained on the ground articulated by the lower court.  And since the court expressly declined to make an interim award of fees under section 1021.5, we have no occasion to address whether such an award would be proper in these circumstances.

---

[6] An order requiring payment of attorney fees "is appealable as a final determination of a collateral matter distinct and severable from the general subject of the litigation." (*Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645, fn. 1.)

7

I.      *The Attorney Fee Award Is Premature Under Civil Code Section 1717 Because the Trial Court Had Not Resolved the Merits of the Underlying Action.*

The key issue before us is whether Plaintiffs may be awarded attorney fees under Civil Code section 1717 before the trial court resolves the merits of the parties' contractual claims. As we shall demonstrate, *Frog Creek, supra,* 206 Cal.App.4th 515 precludes an attorney fee award under Civil Code section 1717 at this stage of the litigation. In addition, as we explain in part II, *post,* because the trial court based its award under section 1021.5 on the faulty premise that Plaintiffs were the successful parties in a special proceeding, the latter statute also provides no support for the award.

Because the reasoning of *Frog Creek* is central to our decision in this appeal, we set forth the facts and holdings of that case in some detail. We will then apply the analysis of *Frog Creek* to the present case.

A.      *The Decision in Frog Creek.*

In *Frog Creek, supra,* 206 Cal.App.4th 515, plaintiff Frog Creek Partners, LLC (Frog Creek) filed an action for breach of contract against the defendant, Vance Brown, Inc. (Brown). (*Id.* at p. 521.) Brown then filed a petition to compel arbitration in Frog Creek's action for breach of contract. (*Ibid.*) The trial court denied the petition when Brown was unable to produce a version of the contract with an arbitration provision, a decision we affirmed in the first appeal arising from the action. (*Id.* at pp. 520, fn. 2, 521-522.) Following remand, Brown renewed its petition to compel after it located another contract. (*Id.* at p. 522.) The trial court denied the petition, but in the second appeal, we reversed and ordered arbitration. (*Id.* at pp. 520, fn. 2, 522.) Brown then prevailed in the arbitration, but the arbitrators declined to rule on the parties' entitlement to attorney fees in connection with the legal proceedings that preceded the arbitration. (*Ibid.*) The parties then filed cross-motions under Civil Code section 1717 in the trial court, with Brown seeking all of its prearbitration attorney fees and Frog Creek seeking the fees incurred in defeating the initial petition to compel. (*Id.* at p. 523.) The trial court determined Brown was the prevailing party in the arbitration and awarded Brown attorney fees. (*Ibid.*) It also awarded Frog Creek the fees it sought, reasoning Frog

Creek was the prevailing party on the initial petition to compel arbitration and in the first appeal. (*Ibid.*)

We reversed the award of attorney fees to Frog Creek. (*Frog Creek, supra,* 206 Cal.App.4th at pp. 547-548.) In the course of our opinion, we analyzed both the language and legislative history of Civil Code section 1717 as well as the statutory and case law related to attorney fee awards in disputes over arbitrability. (*Id.* at pp. 525-538.) That analysis contains several points relevant here. First, we concluded that where attorney fees are sought under Civil Code section 1717, "there may only be one prevailing party entitled to attorney fees on a given contract in a given lawsuit." (*Id.* at p. 520, fn. omitted.) The prevailing party for purposes of the fee award is "the party who obtains greater relief on the contract action . . . , regardless of whether another party also obtained lesser relief on the contract or greater relief on noncontractual claims." (*Id.* at p. 531.) Consistent with this principle, we held "the trial court erred in awarding Frog Creek attorney fees under Civil Code section 1717 for prevailing on the first petition to compel arbitration because Brown prevailed on the contract action overall; the Legislature did not intend to authorize multiple attorney fees awards to multiple prevailing parties on a single contract in a given lawsuit." (*Id.* at p. 546.) Thus, an award of attorney fees to a party who defeats a petition to compel arbitration filed in a pending action is " 'premature' " where the merits of the contractual claims have yet to be resolved. (See *id.* at p. 520.)

Second, we expressly disagreed with the reasoning of *Kors, supra,* 195 Cal.App.4th 40. (*Frog Creek, supra,* 206 Cal.App.4th at p. 536.) In particular, we rejected *Kors's* implication "that a petition to compel arbitration filed in a pending lawsuit constitutes a 'discrete action' providing a basis for a Civil Code section 1717 attorney fee award, even though that could result in multiple prevailing parties on one contract in a given lawsuit." (*Frog Creek, supra,* 206 Cal.App.4th at p. 537.) We concluded neither the legislative history of the statute nor case law supported such an interpretation. (*Ibid.*)

Third, while we recognized petitions to compel arbitration have distinctive characteristics that might arguably justify treating attorney fee requests related to such

9

petitions differently from requests related to other proceedings, we found those distinctions insufficient "to justify treating a petition to compel arbitration filed in a pending lawsuit as a distinct action on the contract under Civil Code section 1717." (*Frog Creek, supra,* 206 Cal.App.4th at p. 537.)  We explained that the Legislature could have authorized fee awards on such petitions, as it had in other contexts, but had not done so.  (*Id.* at pp. 537-538.)  In addition, even though petitions to compel arbitration are independent of other contract claims in the lawsuit, they are no different from cross-complaints in this respect, and courts may not award attorney fees under Civil Code section 1717 to one party for prevailing on a complaint and another for prevailing on a cross-complaint arising under the same contract.  (*Id.* at p. 538.)

Finally, we rejected the notion that specific contract language could justify a separate attorney fee award.  (*Frog Creek, supra,* 206 Cal.App.4th at pp. 544-546.)  Because one of the Legislature's purposes in enacting Civil Code section 1717 was to create a uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions, " '[a] holding that in contract actions there is still a separate contractual right to recover fees that is not governed by [Civil Code] section 1717 would be contrary to this legislative intent.' "  (*Id.* at p. 545, quoting *Santisas v. Goodin* (1998) 17 Cal.4th 599, 616.)

B.    *The Litigation Surrounding Sprint's Petition Was Not a Special Proceeding Separate from the Underlying Action.*

Applying *Frog Creek's* analysis to the case before us, it is apparent the trial court erred in awarding Plaintiffs attorney fees under Civil Code section 1717 at this juncture.  Contrary to the trial court's view of the issue, Sprint's petition to compel arbitration did not "commence[] an analytically distinct special proceeding . . . nestled within the action[.]"  As our colleagues in Division Three recently put it, "[a] petition to compel arbitration filed in a pending lawsuit is 'part of the underlying action'; it is *not* a distinct action."  (*Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 772 (*Phillips*).)  Instead, "[Plaintiffs'] lawsuit was the action on the contract for purposes of Civil Code section 1717; [Sprint's] . . . petition to compel arbitration was a contract-based claim

10

within the larger action and [Plaintiffs'] victory [on the petition] was not a basis for a fee award under Civil Code section 1717." (*Frog Creek, supra,* 206 Cal.App.4th at p. 541.)

Here, although Sprint's petition to compel arbitration has been decided, the underlying action of which the petition is a part had not reached its conclusion when the trial court awarded Plaintiffs their attorney fees. As the trial court itself recognized, Sprint's cross-claims against the class had yet to be tried, and the court had yet to determine how those amounts would be set off. Indeed, the trial court relied on its September 26, 2012 order, in which it "*expressly* [*did*] *not hold* that the class has 'prevailed' on the merits of the action as a whole." (Italics added.) Therefore, at that point the trial court could not predict which party would "recover[] a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).) And since under Civil Code section 1717, there may be only one prevailing party in the action (*Frog Creek, supra,* 206 Cal.App.4th at pp. 531, 539), an award of attorney fees under that statute was simply premature.[7]

The prevailing party determination must await resolution of the merits of the parties' claims. (*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 843 (*Roberts*) [reversing fee award to party that prevailed on petition to compel arbitration filed in contract action; prevailing party determination under Civ. Code, § 1717 had to await resolution of contract causes of action]; *Green v. Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, 76 [trial court properly denied Civ. Code, § 1717 attorney fee request where "there ha[d] been no final determination of the rights of the parties"]; see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 ["The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' "].) It necessarily follows that at the time the trial court entered its order

---

[7] Plaintiffs have requested that we take judicial notice of an August 2, 2013 special verdict form returned in the retrial of Sprint's cross-claims. As Plaintiffs concede, this document concerns a matter that occurred after entry of the order that is the subject of this appeal. We therefore decline their request for judicial notice. (See *Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 649, fn. 5.)

11

awarding attorney fees, Plaintiffs were not entitled to fees under Civil Code section 1717 despite their success in opposing Sprint's request for arbitration. "[D]efeating a petition to compel arbitration filed in a pending action does not justify a grant of fees under Civil Code section 1717 where the merits of the contract claims remain pending in that action." (*Frog Creek, supra,* 206 Cal.App.4th at p. 535.)

C.  *We Decline to Reconsider Frog Creek.*

Plaintiffs contend that because of the conflict between *Kors* and *Frog Creek,* the trial court was entitled to choose the decision it found more persuasive. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456 [where decisions of appellate courts are in conflict, "the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions"].) Initially, while we do not quarrel with this proposition as a legal matter, we find it difficult to understand the trial court's choice from a purely practical perspective. The coordinated proceeding from which this appeal is taken has generated dozens of appeals and writ petitions to this court, all of which have been assigned to this division. Under the rules governing assignment of cases in this appellate district, any appeal from the lower court's fee award was destined to come before us. (See Ct. App., First Dist., Internal Operating Practices and Proc., III A(1), Assignment of Cases to Divisions ["if multiple appeals or writ petitions arise from the same trial court action or proceeding, . . . later appeals or writ petitions are assigned to the same division to which the first appeal or writ petition was assigned"].)

Plaintiffs' counsel acknowledged at oral argument that in *Frog Creek,* we thoroughly considered and analyzed this issue, including the matter of the Legislature's intent in amending Civil Code section 1717 in 1987. Under principles of stare decisis, we are disinclined to depart from that decision in the absence of a compelling reason to do so. (*Opsal v. United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197, 1203-1204 ["Respect for our colleagues and the orderly administration of justice . . . dictate that there be a compelling reason before we overrule a decision of another panel of this court."].) The trial court's reasoning and Plaintiffs' arguments in this court are based almost entirely on statutory and case authorities we reviewed, discussed, and rejected in

12

*Frog Creek*.[8]  Neither the trial court nor Plaintiffs have cited to us any *new* authority that would call into question the exhaustive analysis of our earlier decision.  In fact, the recent cases considering this question have followed *Frog Creek* and refused to follow *Kors*.  (See *Roberts, supra,* 217 Cal.App.4th at pp. 838-843; *Phillips, supra,* 209 Cal.App.4th at pp. 772-773.)  We therefore decline Plaintiffs' invitation "to consider the authorities supporting [their] view afresh and hold that [Plaintiffs'] arbitration fees are awardable before a final judgment on the merits."  (Fn. omitted.)

> D.    *The Language of the Attorney Fee Provision Does Not Trump the Statutory Scheme.*

Plaintiffs also argue that under the language of the attorney fee provision at issue here, "fees are specifically awardable for compelling arbitration no matter what the outcome on the merits."[9]  (Fn. omitted.)  Thus, Plaintiffs claim, there was no reason for the trial court to wait for final judgment before awarding fees.  This argument conflicts directly with *Frog Creek*.  As explained above, we there rejected the proposition that specific contractual language could justify a separate fee award under Civil Code section 1717, because that would undermine the Legislature's intent to establish uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions.  (*Frog Creek, supra,* 206 Cal.App.4th at pp. 544-546.)  Plaintiffs offer us no reason to

---

[8] The only "new" authority Plaintiffs cite is *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790.  Plaintiffs pick various quotes from this case and claim it stands for the proposition "that arbitration even within existing litigation is a separate proceeding."  Although Plaintiffs have not provided page citations for all of their quotations, we have located and examined them.  They do not support the proposition for which they are cited.  (See *id.* at p. 1799, fn. 7 [requirement that petition to compel arbitration be filed in an action pending in superior court "does not mean . . . that the arbitration is a subsidiary proceeding which necessarily falls with the paramount legal action[,]" since petition to compel arbitration may be filed even in absence of existing legal action]; *id.* at pp. 1805-1806 [trial court has no power to dismiss contractual arbitration proceeding because such a proceeding is grounded in contract, not in action at law].)

[9] The contractual attorney fee clause in Sprint's contracts provides:  "If any party files a judicial or administrative action asserting a claim that is subject to arbitration and another party successfully stays such action or compels arbitration, the party filing that action must pay the other party's costs and expenses incurred in seeking such stay or compelling arbitration, including attorney's fees."

revisit our decision in *Frog Creek* on this point, and indeed their brief does not even mention *Frog Creek's* analysis of the issue.

II.       *The Attorney Fee Award Cannot Be Sustained Under Section 1021.5.*

Our analysis in the preceding part of this opinion demonstrates the fee award is also premature under section 1021.5. The trial court concluded Plaintiffs were the prevailing parties in what it called a special proceeding, and it awarded fees based on Plaintiffs' success in that distinct proceeding. But since we have held that Sprint's petition to compel arbitration did not commence a distinct proceeding—special or otherwise—the trial court could not award fees on that ground.

Nor can we uphold the trial court's order as an interim award under section 1021.5. The trial court expressly ruled Plaintiffs' motion was *not* one "for interim award of attorneys fees before the conclusion of an action." It opined that while it would have been permitted to make an award of attorney fees under section 1021.5, it would not do so "at this time" because Sprint had yet to retry its cross-claims, and thus "even though Plaintiffs have prevailed on their claims, the amount of monetary relief is not 'secure.'" The lower court not only clearly declined to exercise its discretion to make an award of interim fees, it stated plainly that such an award would not be appropriate under the present circumstances of the case. Plaintiffs have not appealed from that portion of the order.[10]

Even if, in the absence of a cross-appeal, Plaintiffs could seek affirmance on the ground that an interim award would be proper under section 1021.5, they do not

---

[10] Citing *Sundance v. Municipal Court* (1987) 192 Cal.App.3d 268, Plaintiffs make a cursory argument that the trial court's fee award was not premature because "litigation need not be concluded before statutory fees can be awarded." This perfunctory assertion notwithstanding, Plaintiffs filed no cross-appeal, and they do not take issue with either the trial court's finding that their entitlement to monetary relief is not secure or with its conclusion that an interim award would be improper. Instead, like the trial court, Plaintiffs contend the award is justified because the litigation of Sprint's petition to compel arbitration was a "special proceeding" in which they have fully and finally prevailed. As we have explained, this argument is untenable in light of *Frog Creek*.

14

specifically argue the trial court's order should be upheld as one.[11]  Thus, although "an action must not always be completely resolved prior to an award of fees" under that statute (*Urbaniak v. Newton* (1993) 19 Cal.App.4th 1837, 1844), we have not even been asked to affirm the order before us on that basis.  (Cf. *Coalition for L.A. County Planning Etc. Interest v. Board of Supervisors* (1977) 76 Cal.App.3d 241, 246 [plaintiffs argued attorney fee award was proper under theories rejected by trial court].)  As a consequence, the issue has not been presented for our decision, and we will not further address the parties' arguments under section 1021.5.

In declining to reach the issue, we intimate no view on whether it would be proper to award Plaintiffs attorney fees under section 1021.5, either at this time or upon conclusion of the action.  As Plaintiffs correctly note, "an attorney fee award may be justified even when plaintiff's legal action does not result in a favorable final judgment." (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565.)  Here, however, the trial court made no interim award, and Plaintiffs have not appealed that decision.  We therefore need not address whether section 1021.5 would authorize an attorney fee award under these circumstances at this stage of the case.

## DISPOSITION

The order from which the appeal is taken is reversed.  Sprint shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

---

[11] In fact, at oral argument Plaintiffs' counsel expressly stated that the award was *not* an interim one.  Counsel also sought to raise an argument not presented in Plaintiffs' brief, contending that section 1021.5 confers upon trial courts great latitude to decide whether equitable considerations dictate an attorney fee award in certain circumstances. According to counsel, the trial court was therefore authorized to decide that the proceedings on the petition to compel arbitration were separate enough to justify a fee award prior to resolution of the merits.  We decline to address contentions first raised at oral argument.  (See *County of Sonoma v. Superior Court* (2010) 190 Cal.App.4th 1312, 1326, fn. 10.)  We observe nevertheless that this new equitable argument is based on the same faulty premise as Plaintiffs' other arguments—that the proceedings on Sprint's petition to compel arbitration were separate and distinct from the larger action of which they were a part.  Since we have rejected this premise, we would also be constrained to reject this latest argument even if it had been properly presented.

15

_____

Jones, P.J.



We concur:


_____

Needham, J.


_____

Bruiniers, J.