[No. B032806. Second Dist., Div. Six. May 18, 1990.]

ROBERT J. HUNT, Plaintiff and Appellant, v.
JOSEPH FAHNESTOCK, JR., et al., Defendants and Respondents.

COUNSEL

George & Dapeer and Philip D. Dapeer for Plaintiff and Appellant.

Hirschman & Marcus, David M. Marcus and Christopher J. Anderson for Defendants and Respondents.

OPINION

**GILBERT, J.**—Here we hold that in a lawsuit involving several contracts, attorney's fees pursuant to Civil Code[1] section 1717 may be awarded to the prevailing party on each contract whether or not that party is a prevailing party in the lawsuit.

Plaintiff Robert J. Hunt appeals a judgment awarding attorney's fees to defendants Joseph and Winona Fahnestock under section 1717. We affirm.

FACTS

On February 25, 1985, defendants Joseph and Winona Fahnestock purchased real property on Calle Margarita in Thousand Oaks, California, from plaintiff Robert J. Hunt. The Fahnestocks assumed existing loans of $100,476.47 and executed two promissory notes to Hunt to complete the $129,576.47 purchase price. One promissory note for $15,000 was secured by a junior lien on the Margarita property, and another for $14,100 was secured by a junior lien on another piece of real property owned by the Fahnestocks on Calle Tulipan in Thousand Oaks.

Fourteen months later, the Fahnestocks defaulted on the two promissory notes to Hunt, as well as on the senior loans on the Margarita property. To protect his junior interest, Hunt advanced sums to pay the senior loans in default on the Margarita property. He then brought this action for judicial

---

[1] All statutory references are to the California Civil Code unless stated otherwise.

foreclosure and receivership against the Fahnestocks and the senior lien-holders on the Margarita and Tulipan properties.

Defendant Community Thrift & Loan (Community), the senior lienhold-er on the Tulipan property, brought a cross-complaint for indemnity against the Fahnestocks. This cross-action stems from covenants in the deed of trust between the Fahnestocks and Community.

Three months before trial, the Fahnestocks brought current the promis-sory note to Hunt secured by a trust deed on the Tulipan property. They also tendered to Hunt $200 in attorney's fees in accordance with section 2924c, subdivision (d). Nevertheless, Hunt pursued judicial foreclosure of the Tulipan property. He contended that the Fahnestocks were liable for his actual attorney's fees, as well as the sums advanced to pay senior obligations on the Margarita property. Hunt based this claim upon the future advance clause in the deeds of trust and upon the argument that the parties intended to secure each obligation to him with both deeds of trust.

At trial the Fahnestocks stipulated to judicial foreclosure on the Margari-ta property for the unpaid principal balance of the loan, interest, advances on senior obligations and attorney's fees. After a court trial, the trial judge denied judicial foreclosure on the Tulipan property, deciding that each promissory note was an independent obligation secured by only one trust deed. (*Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35 [27 CAL.Rptr. 873, 378 P.2d 97].) This decision rested upon the plain language of the promissory notes and trust deeds. The court then awarded the Fahnestocks their attorney's fees of $5,000 for successfully defending the Tulipan fore-closure and Community its attorney's fees of $4,258 on the cross-complaint. The court offset Community's attorney's fees against the unpaid principal balance due Hunt on the promissory note secured by a deed of trust on the Tulipan property.

On appeal Hunt contends that the trial court erred by awarding attorney's fees to the Fahnestocks and by offsetting Community's attorney's fees against the unpaid principal balance of the note secured by a deed of trust on the Tulipan property.

### DISCUSSION

Hunt does not appeal the trial court's decision that the promissory notes were independent obligations, each for a portion of the single purchase price and each secured by only one deed of trust. He suggests this decision is wrong, but offers no supporting authority. Therefore, we need not belabor the issue.

Hunt contends the trial court's decision creates three prevailing parties within section 1717 because he, Community and the Fahnestocks received attorney's fees. He contends that only one party can prevail within section 1717 or the trial court, in its discretion, may decide that no party has prevailed. (§ 1717, subd. (b)(1).) He adds that insufficient equity exists in the Margarita property to pay his actual attorney's fees and he can not obtain a deficiency judgment against the Fahnestocks for the fees. (Code Civ. Proc., § 580b.)

It is true the parties agreed that Hunt should receive his attorney's fees in the stipulated foreclosure of the Margarita property. Hunt's attorney stated, however, that these fees were limited to those incurred on the Margarita foreclosure. As to the fees incurred to foreclose the Tulipan property, Hunt's attorney stated, " . . . I would only want those [fees] . . . to be assessed against Tulipan." The Fahnestocks received their attorney's fees because they prevailed on the Tulipan foreclosure action. Community received attorney's fees because it prevailed on its cross-complaint. Therefore, the action and cross-action involved three independent, unrelated contracts, and a different party prevailed upon each.

The promissory note secured by a trust deed on the Margarita property was a purchase money obligation. Under the circumstances of this case, Hunt could only look to his security and could not collect any deficiency. (Code Civ. Proc., § 580b.) Therefore, the Fahnestocks could have stipulated to $7 million in attorney's fees in the judicial foreclosure action on the Margarita property and have had no concern about having to pay those fees.

The promissory note secured by a trust deed on the Tulipan property was another matter. It was not a purchase money obligation. Therefore, under these circumstances, had the Fahnestocks not paid the note pertaining to that property, they would have been personally liable for any deficiency.

Section 1717 provides for attorney's fees in an action "on a contract" where that contract specifically allows an award of attorney's fees to a prevailing party. Subdivision (b)(1) states that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." The trial court's decision here is consistent with subdivision (b)(1); a different party prevailed upon each of three contracts.

Even under Code of Civil Procedure section 1032, subdivision (a)(4), which defines a prevailing party for purposes of awarding costs including attorney's fees, the Fahnestocks are prevailing parties vis-à-vis Hunt. The section defines "prevailing party" to include "the party with a net monetary

recovery . . . ." Hunt sees no net monetary recovery. He only established a debt which was secured by real property.

█ The trial court possesses broad discretion in determining the prevailing party to a contract. (*Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 59 [202 Cal.Rptr. 552].) A reviewing court must defer to the trial court's decision unless it is unreasonable. (*Ibid.*)

█ The award of contractual attorney's fees, moreover, is governed by equitable principles. (*Lewis* v. *Alpha Beta Co.* (1983) 141 Cal.App.3d 29, 34 [189 Cal.Rptr. 840].) █ The Fahnestocks were awarded attorney's fees because they successfully defended foreclosure of the Tulipan property and because they were legally obliged to pay Community's legal fees according to their deed of trust with Community. It is therefore equitable to offset those legal fees against the unpaid balance due on the promissory note secured by a trust deed on the Tulipan property. Under the facts here, this act of equitable discretion was reasonable.

Community requests this court award $500 sanctions against Hunt for failure to serve it with his opening brief. Hunt replies that he does not challenge the award of attorney's fees to Community. Community obtained a copy of Hunt's opening brief from the Fahnestocks and has joined their responding brief. We deny sanctions because Hunt's omission does not meet the standards required to warrant imposition of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Abbe, J., concurred.