Filed 7/6/23  VanLaw Food Products v. New England Country Foods CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VANLAW FOOD PRODUCTS, INC., | |
| Plaintiff and Appellant, | G061375 |
| v. | (Super. Ct. No. 30-2017-00962844) |
| NEW ENGLAND COUNTRY FOODS, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Magarian & DiMercurio, Mark D. Magarian and Krista L. DiMercurio for Plaintiff and Appellant.

M.K. Hagemann and Michael K. Hagemann for Defendant and Respondent.

**INTRODUCTION**

This is the second of two appeals by manufacturer VanLaw Food Products, Inc. (VanLaw) in its litigation with a former client, New England Country Foods, LLC (NECF). Here, VanLaw appeals the trial court's award of attorney fees in favor of NECF. In the statement of decision, the trial court named NECF the prevailing party because it would obtain a net monetary recovery. We affirm the attorney fee award.

**FACTS**

We have provided an exhaustive factual summary of the underlying litigation in our opinion in *VanLaw Food Products, Inc. v. New England Country Foods, LLC*, case No. G060848 (the appeal of the judgment), and we need not revisit those facts in full. We held that the parties' written operating agreement was only in effect from January 2015 forward. Prior to January 2015, the parties were operating based on a mixture of oral, written, and implied terms.

The trial court named NECF the prevailing party in its final statement of decision issued September 9, 2021, reasoning "the net judgment undoubtedly w[ould] be in favor of" NECF. The same day, the court entered judgment in favor of both parties on their respective cases: VanLaw received $27,441.25 plus prejudgment interest on its complaint, and NECF received $115,571.31 plus prejudgment interest on its cross-complaint. The net amount of damages in the case was $88,130.06 in favor of NECF. The court included blanks in the judgment for NECF's costs and attorney fees.[1]

On November 5, 2021, NECF filed a motion for $90,013 in attorney fees pursuant to Civil Code section 1717[2] based on a fee provision in the operating agreement

---

[1] NECF argues this appeal is untimely because the judgment established NECF's entitlement to fees. ". . . [W]hen a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award." (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998.) Here, VanLaw appealed both the judgment and the attorney fee award, however, so any way you slice it, the appeal is timely.

[2] All further statutory references are to the Civil Code unless otherwise indicated.

and the prevailing party determination in the statement of decision. The trial court awarded NECF most of the amount it sought, or $78,484.[3]

## DISCUSSION

The propriety or amount of an attorney fee award is generally left to the trial court's discretion and will not be disturbed absent an abuse, but de novo review is warranted if we must review the *legal* basis for such an award. (See *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) Here, the trial court assumed there was a legal basis for the award, and VanLaw did not disagree. Indeed there *was* a legal basis for the award, but the issue bears some clarification given our ruling on the appeal of the judgment.

As we noted in our companion opinion, the parties had a written operating agreement, effective from January 1, 2015 onward. The operating agreement contained a provision stating: "The prevailing party shall have the right to collect from the other party its reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing this Agreement." Since NECF sought to enforce the agreement, it undoubtedly would be entitled to attorney fees if it was the prevailing party. However, for the entirety of 2014, the terms of the parties' relationship were established by a combination of writings, oral discussions, and conduct – with no agreement regarding prevailing party attorney fees. Part of the damages NECF sought in its cross-complaint were royalties it should have been paid in 2014. So the question naturally comes to mind: should NECF recover attorney fees for those preoperating agreement royalties?[4]

---

[3]    VanLaw does not argue the amount is excessive.

[4]    It is necessary to ask this question because California follows the American rule for attorney fees – each party pays its own attorney fees unless a statute or agreement provides otherwise. (See *R.W.L. Enterprises v. Oldcastle, Inc.* (2017) 17 Cal.App.5th 1019, 1025 (*Oldcastle*).) And if a lawsuit involves multiple contracts, a party can only recover prevailing party attorney fees if it has prevailed as to each contract containing an attorney fee provision. (See *Hunt v. Fahnestock* (1990) 220 Cal.App.3d 628, 630.) Thus, "[o]n a postjudgment motion for attorney fees, the trial court must evaluate whether the parties entered an agreement for the payment of attorney fees and, if so, the scope of that agreement." (*Oldcastle, supra*, 17 Cal.App.5th at p. 1025.)

3

It should. There are two ways to look at the pre-2014 arrangement. Either it was a separate and independent contract or it was preliminary to the operating agreement. If it was separate and independent, NECF would have to establish an entitlement to attorney fees based on it. If it was basically subsumed within the operating agreement, the prevailing party would be entitled to fees. (See § 1717, subd. (a) ["Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."].)

As we observed in the companion opinion, the operating agreement was not integrated, and contained no language indicating it was the sole representation of the parties' agreement. "'Under section 1642 of the Civil Code, it is the general rule that several papers relating to the same subject matter and executed as parts of substantially one transaction, are to be construed together as one contract. [Citation.] . . . The documents need not be executed contemporaneously; it is a question of fact as to whether several writings comprise one transaction.' (*Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)" (*Ganey v. Doran* (1987) 191 Cal.App.3d 901, 912.) Consistent with our interpretation of the parties' arrangement in the appeal of the judgment, we conclude the attorney fee provision in the operating agreement also governed the parties' preoperating agreement conduct.

Having decided there was a binding contractual attorney fee provision, and the litigation was within its scope, we turn to the issue raised by VanLaw in this appeal – the trial court's prevailing party finding.[5] VanLaw is concerned that the trial court was solely focused on NECF's net monetary recovery, while ignoring both sides' victory on their respective claims.

---

[5] Because this is the sole issue on appeal, we find the submitted record adequate, contrary to NECF's suggestion.

4

Under section 1717, subdivision (a): "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Upon motion, the trial court must determine who is the prevailing party. (*Id.,* subd. (b)(1).) Generally, "the party prevailing on the contract shall be the party who recovered a *greater relief in the action on the contract.* The court may also determine that there is no party prevailing on the contract for purposes of this section." (*Ibid.*, italics added.)

In making its determination, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' (*Bank of Idaho v. Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15.)" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.)

VanLaw thinks there was no prevailing party because each side was completely successful on its claims. In fact, VanLaw finds it unfair to deem NECF the prevailing party just because its claim was worth more than VanLaw's claim. This is because VanLaw believes NECF's cross-complaint was retaliatory.

In December 2017, VanLaw filed a breach of contract claim for a little over $27,000 related to unused sriracha sauce bottles. More than a year later, NECF filed its cross-complaint seeking unpaid royalties of nearly $90,000 related to the parties' barbecue sauce arrangement. If NECF prevailed on its claims, VanLaw argues, it was always going to have a net monetary recovery because its claim was worth more. This

5

would provide incentive for defendants to bring retaliatory cross-complaints with a higher value than the original lawsuit, and dissuade plaintiffs from bringing meritorious lower-value claims.

VanLaw's suggested outcome flies in the face of section 1717, subdivision (a)'s requirement that the prevailing party be the party obtaining "greater relief" in the action on the contract. As we have previously observed, the Legislature utilized a comparative term, "greater," in the statute, which means a litigant need not win a complete and total victory on all claims in order to be the prevailing party. (See *de la Cuesta v. Benham* (2011) 193 Cal.App.4th 1287, 1294-1295 (*de la Cuesta*).) Nor need a litigant have batted zero in order for the court to order him or her to pay the other side's fees.

Here, the trial court knew both sides were suing on the operating agreement.[6] NECF's cross-complaint was worth more, and it obtained all of the relief it sought. VanLaw obtained all of the relief it sought, but its complaint was worth less. It is a matter of simple mathematics. $115,571.31 is greater than $27,441.25, leaving a net monetary recovery for NECF of $88,130.06. VanLaw must pay out of pocket on the judgment. NECF doesn't have to. It seems fairly clear to us that NECF obtained greater relief in the action on the contract, and it would likely have been an abuse of the court's discretion not to recognize this. (See *de la Cuesta*, *supra*, 193 Cal.App.4th at p. 1295.) A trial court does indeed have discretion to find no party prevailed. (See *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973.) But having such discretion does not mean it must make such a finding.

VanLaw's heightened concern about litigation incentives seems to us overstated. There are two questions every litigant must answer before suing or choosing

_____

[6]   We reject NECF's contention that VanLaw's complaint was not an "action on a contract" because it related to purchase orders predating the operating agreement. As we have already concluded, preoperating agreement conduct was ultimately part of the same transaction between the parties. Moreover, the operating agreement explicitly covered the sriracha sauce.

to maintain a lawsuit.  The first is whether he or she has a meritorious claim, and the second is whether it is worthwhile to pursue it.  That second question will always involve consideration of whether the opponent's claims are meritorious, and the decision whether to go forward with litigation will require a weighing of the risk such claims might succeed.  The answers to those questions may change as the litigation proceeds, and they may very well be impacted by the claims and defenses presented by the other side.

Such is the nature of litigation – each side goes to trial believing it has the better claim, and the outcome is left to the trier of fact.  Each side takes a risk.  Here, NECF's cross-complaint may have been brought late, and it may have been worth more money.  But if the trial court had ruled *against* NECF on the cross-complaint, and for VanLaw on the complaint, NECF would owe VanLaw money.  The so-called "chilling effect" VanLaw forecasts is merely the wager each litigant must make.  An adversary system will always include such wagers.

### DISPOSITION

The attorney fee award is affirmed.  Respondent to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.

7