Filed 9/18/23  Perera v. Moine CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LIONEL PERERA et al., as Trustees, etc.,<br><br>    Plaintiffs, Cross-defendants and Appellants,<br><br>    v.<br><br>CHARLES A. MOINE,<br><br>    Defendant, Cross-complainant and Appellant. | B319315<br><br>(Los Angeles County Super. Ct. No. 19STCV12537) |

APPEALS from a postjudgment order of the Superior Court of Los Angeles County, Terry Green, Judge.  Vacated and remanded with directions.

Law Offices of Jeffrey B. Ellis and Jeffrey B. Ellis for Plaintiffs, Cross-defendants and Appellants.

Robert D. Feighner; Hitchcock Bowman & Schachter and Robert B. Schachter for Defendant, Cross-complainant and Appellant.

After entering a judgment finding in favor of Lionel and Nirmala Perera as Trustees of the Perera Family Trust on their breach of contract action against Charles A. Moine and in favor of Moine and against the Pereras on Moine's cross-complaint, the trial court awarded the Pereras attorney fees as the prevailing parties in the lawsuit. Moine appealed the postjudgment order, contending the trial court erred in determining the Pereras were entitled to attorney fees as the prevailing parties. The Pereras cross-appealed, contending the trial court abused its discretion by awarding them only 50 percent of the fees requested.

In *Perera v. Moine* (Sept. 18, 2023, B317395) [nonpub. opn.] (*Perera I*), filed concurrently with this opinion, we reversed the judgment after holding the trial court had erred in concluding the Pereras' contract recovery must be reduced because of their breach of the implied covenant of good faith and fair dealing and further offset by Moine's recovery on his cross-complaint. We remanded the cause for the trial court to enter a new judgment that did not reflect those reductions in the amount awarded the Pereras and that found in favor of the Pereras on Moine's cross-complaint. In light of our reversal of the judgment, we vacate the postjudgment order and remand for the trial court to redetermine the amount of attorney fees to which the Pereras are entitled as the prevailing parties.

## FACTUAL AND PROCEDURAL BACKGROUND

As we explained in *Perera I*, *supra*, B317395, on October 26, 2021 the trial court entered judgment in favor of the Pereras in their breach of contract action against Moine and in favor of Moine on his cross-complaint. The court awarded the Pereras damages of $750,700.16, rejecting the Pereras' proposed figure of $4.1 million based on their expert's opinion, adopting

instead Moine's estimate of $911,000 based on his consultant's calculations; adding $209,448 for certain payments by the Pereras; and then reducing the approximately $1.12 million subtotal by one-third based on its finding the Pereras had breached the implied covenant of good faith and fair dealing affecting one portion of their contract claim. The court additionally awarded Moine $61,000 on his cross-complaint, which it identified as an offset to the Pereras' damage award.

The judgment prepared by the court on Judicial Council form JUD-100, in addition to awarding the Pereras damages, checked boxes awarding them prejudgment interest, attorney fees and costs. The lines for the amounts to be included in the judgment for those items were left blank.

The Pereras and Moine made a variety of postjudgment filings, including competing motions to tax costs, for hearing in December 2021. For their part, the Pereras requested their attorney fees as the prevailing parties pursuant to Code of Civil Procedure section 1032[1] and Civil Code section 1717,[2] relying on

---

[1] Code of Civil Procedure section 1032, subdivision (b), provides, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Except when "the context clearly requires otherwise," the term "prevailing party" for purposes of section 1032 includes "the party with a net monetary recovery." (§ 1032, subd. (a)(4).) Items allowable as costs under section 1032 include attorney fees when authorized by contract, statute or law. (§ 1033.5, subd. (a)(10).)

[2] Civil Code section 1717, subdivision (a), provides in part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to

3

the attorney fee provision in the purchase agreement on which their breach of contract action was based.[3]  Moine contended in his filings that the court had prematurely determined the Pereras were the prevailing parties and the court should either find he was the prevailing party or there was no prevailing party in the litigation.  Moine also separately sought, for hearing in January 2022, attorney fees based on the favorable ruling on his cross-complaint, relying on both the purchase agreement and the

enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Subdivision (b) generally provides in part, "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section."

[3]      Paragraph 16 of the purchase agreement provided, "If any Party . . . brings an action or proceeding . . . involving the Property whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees. . . .  The term 'Prevailing Party' shall include, without limitation, a Party . . . who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party . . . of its claim or defense.  The attorneys' fees award shall not be computed in accordance with any court fee schedule, but shall be such as to fully reimburse all attorneys' fees reasonably incurred."

separate, but related holdback agreement at issue in the underlying litigation.[4]

On December 15, 2021, after hearing argument on the various postjudgment matters before it, the trial court reaffirmed its prior determination the Pereras were the prevailing parties and entitled to attorney fees but also ruled they had provided insufficient information to support their request. (They had provided a declaration from trial counsel but not billing records.) The court also granted the Pereras' motion to tax costs and denied Moine's motion, concluding the Pereras, not Moine, were entitled to recover costs in the litigation.

In supplemental briefing the Pereras submitted their counsel's declaration that the Pereras had incurred a total of $788,072 in attorney fees for 1,571.1 hours billed. The declaration attached invoices with detailed billing entries. Moine filed an opposition.

Following argument on January 19, 2022, the trial court on February 25, 2022 entered its order awarding the Pereras $388,541 in attorney fees. The court explained it accepted as "eminently reasonable" counsel's hourly billing rates but found the claim for more than 1,500 billable hours for a case with a one-week bench trial "somewhat shocking." The court provided

---

[4] The holdback agreement provided, "If a dispute develops between the Parties or any other claims of liability, cost or expense arise in connection with this Agreement, and if arbitration, legal action or settlement negotiations are necessary for the interpretation or enforcement of the Agreement, or of any rights or obligations flowing herefrom, the prevailing party (or parties) shall recover its actual costs and actual attorneys' fees incurred in connection with any such dispute or claim."

several instances of unreasonable time charges, which it described as having been "selected at random,"[5] and wrote its overall review of the bills confirmed the unreasonableness of the Pereras' request.  Citing *Morris v. Hyundai Motor America* (2019) 41 Cal.App.5th 24, in which this court upheld the trial court's decision to cut entirely the hours billed by six attorneys as a permissible way to reduce an inflated fee request reflecting that too many attorneys had worked on the case, the trial court here concluded an "across-the[-]board reduction of 50% results in an award of 778.55 hours, which is a much more appropriate amount of time to spend on a case like this."[6]

---

[5]     As one example, the court pointed out that in August 2019, when the case was at issue and discovery was proceeding, the Pereras' counsel was still researching the elements of the Pereras' causes of action.  The court noted, "This might be understandable if Plaintiffs were bringing complex statutory claims.  But the causes of action at issue here were breach of contract and fraud—it doesn't get much more basic than that." A second example involved researching the burden of proof.  The court then observed, "It is simply hard to imagine that a reasonable client would pay for an attorney to research what they should already know (the elements of a breach of contract claim, or the burden of proof in a civil case)."

[6]     As discussed, the Pereras sought recovery based on 1,571.1 billed hours.  The trial court stated that total included 14.1 hours of work by unidentified "litigation professionals" for whom insufficient information had been provided.  The court excluded those hours before halving the remaining total.

## DISCUSSION

1.  *Moine's Appeal*

Appealing the February 25, 2022 attorney fee order, Moine argues the trial court abused its discretion in determining the Pereras were the prevailing parties in the litigation. (See *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 [the propriety or amount of attorney fees to be awarded is generally a discretionary decision for the trial court reviewed only for an abuse of that discretion]; *PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095 ["'[t]he "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"'—meaning that it abused its discretion"].) If the underlying judgment and the award of damages to the Pereras were reversed in *Perera I, supra,* B317395, Moine explains, he would necessarily be the prevailing party because he would not only have recovered on his cross-complaint but also successfully defended against the Pereras' action. In any event, he argues, even if we affirmed the judgment as entered by the trial court, he obtained the entire amount he sought on his cross-complaint while the court awarded the Pereras only $750,700.16 of the more than $4 million they sought for Moine's breach of contract. As such, he should have been determined to be the prevailing party or, at very least, neither side should have been awarded attorney fees.

Moine's arguments for finding the trial court abused its discretion in identifying the Pereras as the prevailing parties fail. In *Perera I, supra,* B317395 we neither reversed the damage award in favor of the Pereras (Moine's first scenario) nor affirmed

7

the judgment as entered by the trial court (Moine's second scenario). Instead, we reversed the finding in favor of Moine on his cross-complaint (and with it the related offset to the Pereras' damage award) and directed the trial court on remand to increase the Pereras' recovery by more than $300,000. The trial court's original prevailing party finding appeared to be well within its discretion. As the judgment will be modified, the extent to which the Pereras prevailed in this litigation is even greater.

2. *The Pereras' Cross-appeal*

In their cross-appeal the Pereras contend the trial court abused its discretion in reducing the fees they requested by 50 percent, arguing each of the specific examples identified by the court involved the appropriate use of attorney time. Characterizing the case at bar as complex,[7] they assert the court's comparison of the total hours expended to its recollection of the time spent in other cases it had tried fell far short of justifying the large, across-the-board reduction it made. They

---

[7] Although Judge Terry Green, who presided at trial, labeled the case in his fee award order "a relatively straightforward breach of contract case," he, several months earlier when ruling on objections to his statement of decision, described it as "an interesting case" that "raise[d] some really interesting issues, and frankly, at least to me, of first impression." And at the hearing on the fee motion, he referred to it as "a difficult case, very well-tried," which contained "very interesting appellate issues."

Judge Green recently retired from the bench. It will be up to the judge assigned to hear the case on remand to make an independent evaluation of the relative complexity of case issues when determining the reasonable attorney fees to which the Pereras are entitled.

urge us to either increase the fee award or remand for the trial court to conduct a proper fee determination.

The trial court was not required to issue a statement of decision with regard to its fee award (and the Pereras did not request one). (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140; *Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1250-1251; see also *California Common Cause v. Duffy* (1987) 200 Cal.App.3d 730, 754-755 ["the trial court has no sua sponte duty to make specific factual findings explaining its calculation of the fee award"].) Because it was not obligated to articulate all the findings on which its award was based, the court, in reaching its decision reducing the Pereras' requested fees based on the then-existing judgment, may have properly considered its findings that the Pereras were only partially successful on their contract claim because they had breached the implied covenant of good faith and fair dealing and were unsuccessful in defending against Moine's cross-complaint.[8] (See,

---

[8]     Having at the time only succeeded on their action for breach of the purchase agreement and not in defending against Moine's cross-complaint for their breach of the holdback agreement, the Pereras in both their fee motions relied solely on the attorney fee provision of the purchase agreement. The Pereras' fee request nevertheless included fees for their counsel's work related to Moine's cross-complaint, which the trial court could have properly deducted under the judgment then in place.

Nothing in either of our opinions preclude the Pereras from seeking on remand a determination they were also the prevailing parties in Moine's cross-action and moving for attorney fees under the fee provision of the holdback agreement. (See *Hunt v. Fahnestock* (1990) 220 Cal.App.3d 628, 630 ["in a lawsuit involving several contracts, attorney's fees pursuant to Civil Code

9

e.g., *PLCM Group v. Drexler, supra*, 22 Cal.4th, at p. 1096 ["'[t]he trial court makes its determination [of the value of legal services] after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case'"].)

As discussed, in *Perera I, supra*, B317395 we disagreed with these determinations, reversed the judgment and remanded the matter with directions that will result in a larger recovery for the Pereras.  On remand, the amount of reasonable attorney fees recoverable by the Pereras as prevailing parties must also be reassessed, with the parties having an opportunity to present arguments on that issue to the trial court.  (Cf. *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015 ["[t]he effect of a general reversal is to create a situation where no judgment is deemed to have been entered"].)  As a matter of best practice and to facilitate any future appellate review, we encourage the trial court on remand to provide a full explanation for any significant departures from the lodestar[9] it may make in awarding fees.

---

section 1717 may be awarded to the prevailing party on each contract," fn. omitted].)

[9]      See generally *PLCM Group, Inc.  v. Drexler, supra*, 22 Cal.4th at page 1095 ("the fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate").

10

## DISPOSITION

The postjudgment order awarding $388,541 in attorney fees to the Pereras as prevailing parties is vacated.  The matter is remanded for the trial court to reconsider, consistent with the views expressed in this opinion and *Perera I, supra,* B317395, the amount of attorney fees to award the Pereras.

The Pereras are to recover their costs on appeal.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.